UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| **Arthur I. Trager,** | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **Portfolio Recovery Associates, LLC,** | ) | **DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Arthur I. Trager, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Beaufort Division because the Plaintiff resides in Beaufort County and the Defendant transacted business in this division.

## PARTIES

4. The Plaintiff, Arthur I. Trager, is a resident and citizen of the State of South

Carolina, Beaufort County, and is over the age of twenty-one (21) years.

5. The Defendant, Portfolio Recovery Associates, LLC, is a South Carolina corporation with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Beaufort County, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## **FACTUAL ALLEGATIONS**

6. On or about February 2007, and continuing through July 2009, the Defendant, its agents and employees, have called the Plaintiff multiple times with the intent to harass, annoy, and intimidate the Plaintiff.

7. On or about February 19, 2007, the Plaintiff received his first written communication from Defendant, Portfolio Recovery Associates, LLC's representative, Brian S. Arrington, demanding payment of $2,885.33 on an alleged account with Citibank.

8. Plaintiff sent a letter to Brian S. Arrington, with Portfolio Recovery Association, LLC on February 24, 2007 disputing and denying the alleged claim pursuant to the requirements of FDCPA. In Plaintiff's letter, he demanded that the debt collector provide him with copies of any evidence of

indebtedness within 30 days. Plaintiff never received a response from Defendant to his request for validation.

9. On or about September 17, 2007, Plaintiff received a telephone call from Dione Barnes, a representative of Portfolio Recovery Associates, LLC who demanded payment in the amount of $3007.68. Plaintiff informed Ms. Barnes that he had sent a letter to Defendant denying any money owed to Citibank. Ms. Barnes claimed they had not received any letter.

10. On or about September 17, 2007, Plaintiff sent a second letter disputing the claim by certified Mail, Return Receipt Requested. Plaintiff demanded in the letter that Defendant not write or call him with regard to any alleged claim. Once again, Plaintiff never received any validation of this account.

11. On or about October 8, 2007 Plaintiff received another written demand for payment of monies allegedly due Citibank in the amount of $3,007.68.

12. On or about Saturday, May 16, 2009, a Mr. Jackson, claiming to be a representative of Portfolio Recovery Associates, Inc., called Plaintiff's home telephone and spoke with a third party in a threatening manner demanding Plaintiff call him back and stating Plaintiff owed Citibank $3000. The Plaintiff was extremely disturbed when he received this message, especially because Mr. Jackson had discussed his personal private business with a third party.

13. On or about Tuesday, May 19, 2009, Plaintiff received a telephone call from

Angelina Gatewood, a representative of Portfolio Recovery Associates, LLC demanding payment of the debt to Citibank. Plaintiff advised Ms. Gatewood that he had written letters and that validation of the alleged debt had never been sent. Plaintiff further asked Ms. Gatewood not to call him anymore. Ms. Gatewood did acknowledge receipt of both letters but claimed they were insufficient to stop her from calling.

14. On or about May 27, 2009, Plaintiff received a phone call from Gussie Bryant, a representative of Portfolio Recovery Associates, LLC who demanded payment of a debt dating back to 1987 with Citibank. She acknowledged receipt of Plaintiff's letters but stated "someone forgot to make a note in the file not to call." Plaintiff once again demanded validation of the debt and told Ms. Bryant not to call. He also informed Ms. Bryant that he had turned the matter over to an attorney.

15. On or about July 17, 2009, Plaintiff received another letter from Defendant demanding payment on an alleged debt of $3,351.45.

16. Despite the Plaintiff's written dispute and multiple requests for validation, both orally and in writing, the Defendant has continued to repeatedly call the Plaintiff demanding payment. Additionally Defendant has failed/refused to provide validation of the alleged debt.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

17. The Plaintiff adopts the averments and allegations of paragraphs 6 through 16 hereinbefore as if fully set forth herein.

18. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

19. The Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

20. The Defendant violated §1692c(b) by communicating with a third party without the Plaintiff's consent.

21. The Defendant violated §1692c(c) by continuing to communicate with the Plaintiff after receiving written notice that the Plaintiff refused to pay the debt or requested that the Defendant cease all further communications.

22. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5).

23. In violation of 15 U.S.C. §1692g(b), after receiving written notification from the Plaintiff that the debt was disputed, Defendant failed to cease collection of the debt, or any disputed portion thereof. Specifically, Defendant continued

to attempt to collect the debt without ever providing the requested validation.

24. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

25. The Plaintiff adopts the averments and allegations of paragraphs 6 through 24 hereinbefore as if fully set forth herein.

26. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

27. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA.

28. Defendant negligently failed to train and supervise its collectors in order to prevent said improper conduct.

29. Defendant negligently failed to train and supervise its collectors on the FDCPA as it relates to communications, both written and verbal, with consumers.

30. As a result of the Defendant's negligence, the Plaintiff suffered loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

31. The Plaintiff adopts the averments and allegations of paragraphs 6 through 30 hereinbefore as if fully set forth herein.

32. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

33. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA.

34. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

35. Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications, both verbal and written, with consumers.

36. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant as follows:

A. Statutory damages of $1,000 to the Plaintiff from Defendant for

    violations of the FDCPA (15 U.S.C. §1692k);

B. Actual damages for Defendant's violations of the FDCPA;

C. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

D. Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Negligent Training and Supervision, and Reckless and Wanton Training and Supervision;

E. For this matter to be heard by a jury.

F. For such other and further relief as the Court may deem just and proper.

            /s/ Penny Hays Cauley
            Penny Hays Cauley, Fed. ID No. 10323
            Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

            /s/ Penny Hays Cauley
            Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Portfolio Recovery Associates, LLC
c/o Bryon Williams, Registered Agent
804 Halcyon Circle
Greer, SC 29650-2935